UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

-------------------------------------------------------------------- x

DR. RICHARD G. GRANT,

                                Plaintiff,

                           -against-

TEACHERS RETIREMENT SYSTEM OF THE
CITY OF NEW YORK, NEW YORK CITY OFFICE
OF THE ACTUARY,

                            Defendants.

-------------------------------------------------------------------- x

**DEFENDANTS'
NOTICE OF MOTION
TO DISMISS
THE COMPLAINT**

07 CV 5534 (GEL)(RLE)

**PLEASE TAKE NOTICE** that upon the annexed Notice to Pro Se Litigant Opposing a Motion to Dismiss, dated July 20, 2007; the annexed declaration of Karen J. Seemen, dated July 20, 2007, and upon the accompanying memorandum of law in support of defendants, the Teachers Retirement System of the City of New York ("TRS") and the New York City Office of the Actuary's ("the Actuary") motion to dismiss, dated July 20, 2007, and all other pleadings and proceedings had herein, defendants TRS and the Actuary will move this Court before the Honorable Gerard E. Lynch, United States District Court, Southern District of New York, at a date and time to be determined by the Court, at the United States Courthouse, for the Southern District Court of New York, located at 500 Pearl Street, New York, New York, for an order pursuant to Rule 12 (b)(1) and 12(b)(6) of the Federal Rules of Civil Procedure dismissing the complaint on the grounds that it is time-barred and otherwise fails to state a claim upon which relief may be granted, and granting such other and further relief as to this Court deems proper.

**PLEASE TAKE FURTHER NOTICE**, that answering papers, if any, must be served on the undersigned at least ten (10) business days after service of these moving papers, and that reply papers, if any, should be served within five (5) business days after service of answering papers.

Dated:      New York, New York
            July 20, 2007

                              MICHAEL A. CARDOZO
                              Corporation Counsel of the
                                City of New York
                              Attorney for Defendants, TRS and the Actuary
                              100 Church Street, Room 5-143
                              New York, New York 10007
                              (212) 788-1197

                        By:   _____
                              Karen J. Seemen (KS6545)
                              Assistant Corporation Counsel


TO:    Dr. Richard G. Grant
       Pro Se Plaintiff
       22 Noel Court
       Brewster, NY 10509

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------ x

DR. RICHARD G. GRANT,

                              Plaintiff,

                -against-

TEACHERS RETIREMENT SYSTEM OF THE CITY OF
NEW YORK, NEW YORK CITY OFFICE OF THE
ACTUARY,

                          Defendants.

------------------------------------------------------------------ x

**NOTICE TO PRO SE
LITIGANT OPPOSING A
MOTION TO DISMISS**

07 CV 5534 (GEL)(RLE)

        **PLEASE TAKE NOTICE** that pursuant to Rule 12(b) of the Federal Rules of

Civil Procedure and Rule 12.1 of the Local Civil Rules of the United States District Court for the

Southern District of New York, defendants, Teachers Retirement System of the City of New

York ("TRS") and the New York City Office of the Actuary ("the Actuary"), by their attorney,

Michael A. Cardozo, Corporation Counsel of the City of New York, hereby notifies the plaintiff

that:

        1.      Defendants TRS and the Actuary in this case have moved to dismiss the

complaint pursuant to Rule 12(b) of the Federal Rules of Civil Procedure.  This means that the

defendants have asked the Court to decide this case without a trial, based on written materials,

including affidavits, submitted in support of the motion.  **IF THE COURT RULES THAT**

**THIS MOTION TO DISMISS WILL BE TREATED, PURSUANT TO FEDERAL RULE**

**OF CIVIL PROCEDURE 12(b), AS ONE FOR SUMMARY JUDGMENT, THE CLAIMS**

**YOU ASSERT IN YOUR COMPLAINT MAY BE DISMISSED WITHOUT A TRIAL IF**

**YOU DO NOT RESPOND TO THIS MOTION** by filing your own sworn affidavits or other

papers as required by Rule 12 and/or Rule 56(e).  An affidavit is a sworn statement of fact based

on personal knowledge that would be admissible in evidence at trial. The full text of Rule 56 is attached as Appendix A.

2.    In short, Rule 56 provides that you may NOT oppose summary judgment simply by relying upon the allegations in your complaint. Rather, you must submit evidence, such as witness statements or documents, countering the facts asserted by the defendants and raising issues of fact for trial. Any witness statements, which may include your own statements, must be submitted in the form of affidavits. You may submit affidavits that were prepared specifically in response to defendants' motion.

3.    Any issue of fact that you wish to raise in opposition to defendants' motion must be supported by affidavits or by other documentary evidence contradicting the facts asserted by the defendants. If you do not respond to defendants' motion on time with affidavits or documentary evidence contradicting the facts asserted by the defendants, the Court may accept defendants' factual assertions as true. Judgment may then be entered in defendants' favor without a trial.

4.    If you have any questions, you may direct them to the Pro Se Office.

Dated:    New York, New York
          July 20, 2007

                    MICHAEL A. CARDOZO
                    Corporation Counsel of the
                        City of New York
                    Attorney for Defendants .
                    100 Church Street, Room 5-143
                    New York, New York 10007
                    (212) 788-1197

          By:    _____
                    Karen J. Seemen (KS6545)
                    Assistant Corporation Counsel

TO:    Dr. Richard G. Grant
       *Pro se* Plaintiff
       22 Noel Court
       Brewster, NY 10509

# APPENDIX A

# FEDERAL RULES OF CIVIL PROCEDURE

**RULE 56. Summary Judgment**

**(a) For Claimant.** A party seeking to recover upon a claim, counterclaim, or cross-claim or to obtain a declaratory judgment may, at any time after the expiration of 20 days from the commencement of the action or after service of a motion for summary judgment by the adverse party, move with or without supporting affidavits for a summary judgment in the party's favor upon all or any part thereof.

**(b) For Defending Party.** A party against whom a claim, counterclaim, or cross-claim is asserted or a declaratory judgment is sought may, at any time, move with or without supporting affidavits for a summary judgment in the party's favor as to all or any part thereof.

**(c) Motion and Proceedings Thereon.** The motion shall be served at least 10 days before the time fixed for the hearing. The adverse party prior to the day of hearing may serve opposing affidavits. The judgment sought shall be rendered forthwith if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law. A summary judgment, interlocutory in character, may be rendered on the issue of liability alone although there is a genuine issue as to the amount of damages.

**(d) Case Not Fully Adjudicated on Motion.** If on motion under this rule judgment is not rendered upon the whole case or for all the relief asked and a trial is necessary, the court at the hearing of the motion, by examining the pleadings and the evidence before it and by interrogating counsel, shall if practicable ascertain what material facts exist without substantial controversy and what material facts are actually and in good faith controverted. It shall thereupon make an order specifying the facts that appear without substantial controversy, including the extent to which the amount of damages or other relief is not in controversy, and directing such further proceeding in the action as are just. Upon the trial of the action the facts so specified shall be deemed established, and the trial shall be conducted accordingly.

**(e) Form of Affidavits; Further Testimony; Defense Required.** Supporting and opposing affidavits shall be made on personal knowledge, shall set forth such facts as would be admissible in evidence, and shall show affirmatively that the affiant is competent to testify to the matters stated therein. Sworn or certified copies of all papers or parts thereof referred to in an affidavit shall be attached thereto or served therewith. The court may permit affidavits to be supplemented or opposed by depositions, answers to interrogatories, or further affidavits. When a motion for summary judgment is made and supported as provided in this rule, an adverse party may not rest upon the mere allegations or denials of the adverse party's pleading, but the adverse party's response, by affidavits or as other provided in this rule,

must set forth specific facts showing that there is a genuine issue for trial. If the adverse party does not so respond, summary judgment, if appropriate, shall be entered against the adverse party.

(f) **When Affidavits are Unavailable.** Should it appear from the affidavits of a party opposing the motion that the party cannot for reasons stated present by affidavit facts essential to justify the party's opposition, the court may refuse the application for judgment or may order a continuance to permit affidavits to be obtained or depositions to be taken or discovery to be had or may make such other order as is just.

(g) **Affidavits Made in Bad Faith.** Should it appear to the satisfaction of the court at any time that any of the affidavits presented pursuant to this rule are presented in bad faith or solely for the purpose of delay, the court shall forthwith order the party employing them to pay to the other party the amount of the reasonable expenses which the filing of the affidavits caused the other party to incur, including reasonable attorney's fees, and any offending party or attorney may be adjudged guilty of contempt.

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------------ x

DR. RICHARD G. GRANT,

                                                    Plaintiff,

                        -against-

TEACHERS RETIREMENT SYSTEM OF THE CITY OF
NEW YORK, NEW YORK CITY OFFICE OF THE
ACTUARY,

                                                    Defendants.

------------------------------------------------------------------------ x

**DECLARATION OF KAREN
J. SEEMEN IN SUPPORT OF
DEFENDANTS' MOTION TO
DISMISS THE COMPLAINT**

07 CV 5534 (GEL)(RLE)

          **KAREN J. SEEMEN,** declares that the following is true and correct under

penalty of perjury:

          1.  I am an Assistant Corporation Counsel in the office of Michael A. Cardozo,

Corporation Counsel of the City of New York, attorney for defendants Teachers Retirement

System of the City of New York ("TRS") and the New York City Office of the Actuary ("The

Actuary").

          2.  I submit this declaration in support of defendants' motion to dismiss the

complaint pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure on the grounds that

plaintiff fails to state a claim upon which relief can be granted and that plaintiff's claims are

time-barred because he failed to file his EEOC charge within 300 days of the alleged

discriminatory acts.

          3.  Annexed hereto are documents that are relied upon and cited in defendants'

memorandum of law, and are submitted in support of its motion to dismiss.  These documents

are:

Exhibit "A" - a copy of plaintiff's Complaint dated, May 16, 2007, renumbered for the convenience of the Court and documents annexed thereto.

Exhibit "B" – a copy of plaintiff's Tier 1 Service Retirement Application, dated March 16, 2001.

Exhibit "C" – a copy of plaintiff's Tier 1 Service Retirement Application, dated May 23, 2001.

Exhibit "D" – a copy of TRS's letter to plaintiff rejecting his Tier 1 Service Retirement Application of March 16, 2001, dated May 29, 2001.

Exhibit "E" – a copy of plaintiff's TRS benefits letter, dated November 5, 2001.

Exhibit "F" – a copy of TRS's letter to plaintiff from JoAnne Lennon of the TRS Correspondence Unit and attached brochure, dated December 13, 2001.

Exhibit "G" – a copy of TRS's letter to plaintiff from Priscilla Daqui of the TRS Correspondence Unit, dated October 27, 2003.

I declare under penalty of perjury that the foregoing is true and correct.

Dated:        New York, New York
              July 20, 2007

                                        KAREN J. SEEMEN (KS 6545)
                                        Assistant Corporation Counsel

# Exhibit A

(Rev. 2/5/98) Summons in a Civil Action

*2007-020919*

# United States District Court

SOUTHERN _____ **DISTRICT OF** _____ NEW YORK

Dr. Richard G. Grant

**V.**

Teachers' Retirement System of the City of
New York, City Actuary's Office

**TO:** (Name and address of defendant)

**SUMMONS IN A CIVIL CASE**

CASE NUMBER:

## 07 CV 5534

## JUDGE LYNCH

**YOU ARE HEREBY SUMMONED** and required to serve upon PLAINTIFF'S ATTORNEY (name and address)
*Pro Se* Dr. Richard G. Grant
22 Noel Court
Brewster, New York 10509

An answer to the complaint which is herewith served upon you, within _____ 20 _____ days after service of this summons upon you, exclusive of the day of service. If you fail to do so, judgment by default will be taken against you for the relief demanded in the complaint. You must also file your answer with the Clerk of this Court within a reasonable period of time after service.

**J. MICHAEL McMAHON**                                    JUN 1 1 2007

CLERK _____    DATE _____

(BY) DEPUTY CLERK

1

(Rev. 2/5/98) Summons in a Civil Action

# RETURN OF SERVICE

| | Date |
|---|---|
| Service of the Summons and Complaint was made by me [1] | |

| NAME OF SERVER (PRINT) | Title |
|---|---|

**CHECK ONE BOX BELOW TO INDICATE APPROPRIATE METHOD OF SERVICE**

☐ Served personally upon the defendant.  Place where served: _____

☐ Left copies thereof at the defendant's dwelling house or usual place of abode with a person of suitable age and discretion then residing therein.
Name of person with whom the summons and complaint were left: _____

☐ Returned unexecuted: _____

☐ Other (specify) _____

## STATEMENT OF SERVICE FEES

| TRAVEL | SERVICES | TOTAL |
|---|---|---|

## DECLARATION OF SERVER

I declare under penalty of perjury under the laws of the United States of America that the foregoing information contained in the Return of Service and Statement of Service Fees is true and correct.

Executed on _____
            Date

                                    Signature of Server

                                    Address of Server

(1)  As to who may serve a summons see Rule 4 of the Federal Rules of Civil Procedure.

2

ORIGINAL-WHITE  DUPLICATE-YELLOW    TRIPLICATE-PINK

**RECEIPT FOR PAYMENT**
## UNITED STATES DISTRICT COURT
### for the
### SOUTHERN DISTRICT OF NEW YORK

**E 616160**

RECEIVED FROM    *at*    Dr. Richard Grant

*Filing Fee*

| Fund | | |
|---|---|---|
| 6855XX | Deposit Funds | |
| 604700 | Registry Funds | |
| | General and Special Funds | |
| 508800 | Immigration Fees | |
| 085000 | Attorney Admission Fees | |
| 086900 | Filing Fees | |
| 322340 | Sale of Publications | |
| 322350 | Copy Fees | |
| 322360 | Miscellaneous Fees | |
| 143500 | Interest | |
| 322380 | Recoveries of Court Costs | |
| 322386 | Restitution to U.S. Government | |
| 121000 | Conscience Fund | |
| 129900 | Gifts | |
| 504100 | Crime Victims Fund | |
| 613300 | Unclaimed Monies | |
| 510000 | Civil Filing Fee (½) | |
| 510100 | Registry Fee | |

UNITED STATES DISTRICT COURT

INVOICE #13324

DATE\TIME: 5/21/2007 11:28:05 AM
CASHIER: GUS #7
STATION: 01

1 COMPLAINT 4/06                $350.00
    086900    $60.
    510000    $190.00
    086400    $100

GRAND TOTAL                     $350.00

Checks and drafts are accepted subject to collection and full credit will only be given when the check or draft has been accepted by the financial institution on which it was drawn.

DEPUTY CLERK:

| DATE: | | Cash | Check | M.O. | Credit |
|---|---|---|---|---|---|
| | 20 | | | | |

3

JS 44C/SDNY
REV. 12/2005

# CIVIL COVER SHEET

The JS-44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for use of the Clerk of Court for the purpose of initiating the civil docket sheet.

| PLAINTIFFS | DEFENDANTS |
|---|---|
| Dr. Richard G. Grant | Teachers' Retirement System of the City of New York, City Actuary's Office |

| ATTORNEYS (FIRM NAME, ADDRESS, AND TELEPHONE NUMBER | ATTORNEYS (IF KNOWN) |
|---|---|
| Pro Se Dr. Richard G. Grant, 22 Noel Court, Brewster, New York 10509 | |

CAUSE OF ACTION (CITE THE U.S. CIVIL STATUTE UNDER WHICH YOU ARE FILING AND WRITE A BRIEF STATEMENT OF CAUSE)

### 42 U.S.C. Section 621 - 634 (ADEA)

Has this or a similar case been previously filed in SDNY at any time? No ☐ Yes ☐  Judge Previously Assigned

If yes, was this case  Vol. ☐  Invol. ☐  Dismissed. No ☐ Yes ☐  If yes, give date _____ & Case No. _____

*(PLACE AN [x] IN ONE BOX ONLY)*                     NATURE OF SUIT

**ACTIONS UNDER STATUTES**

### TORTS

**CONTRACT**

[ ] 110 INSURANCE
[ ] 120 MARINE
[ ] 130 MILLER ACT
[ ] 140 NEGOTIABLE INSTRUMENT
[ ] 150 RECOVERY OF OVERPAYMENT & ENFORCEMENT OF JUDGMENT
[ ] 151 MEDICARE ACT
[ ] 152 RECOVERY OF DEFAULTED STUDENT LOANS (EXCL VETERANS)
[ ] 153 RECOVERY OF OVERPAYMENT OF VETERANS BENEFITS
[ ] 160 STOCKHOLDERS SUITS
[ ] 190 OTHER CONTRACT
[ ] 195 CONTRACT PRODUCT LIABILITY
[ ] 196 FRANCHISE

**PERSONAL INJURY**

[ ] 310 AIRPLANE
[ ] 315 AIRPLANE PRODUCT LIABILITY
[ ] 320 ASSAULT, LIBEL & SLANDER
[ ] 330 FEDERAL EMPLOYERS' LIABILITY
[ ] 340 MARINE
[ ] 345 MARINE PRODUCT LIABILITY
[ ] 350 MOTOR VEHICLE
[ ] 355 MOTOR VEHICLE PRODUCT LIABILITY
[ ] 360 OTHER PERSONAL INJURY

**PERSONAL INJURY**

[ ] 362 PERSONAL INJURY - MED MALPRACTICE
[ ] 365 PERSONAL INJURY PRODUCT LIABILITY
[ ] 368 ASBESTOS PERSONAL INJURY PRODUCT LIABILITY

**PERSONAL PROPERTY**

[ ] 370 OTHER FRAUD
[ ] 371 TRUTH IN LENDING
[ ] 380 OTHER PERSONAL PROPERTY DAMAGE
[ ] 385 PROPERTY DAMAGE PRODUCT LIABILITY

**FORFEITURE/PENALTY**

[ ] 610 AGRICULTURE
[ ] 620 FOOD & DRUG
[ ] 625 DRUG RELATED SEIZURE OF PROPERTY 21 USC 881
[ ] 630 LIQUOR LAWS
[ ] 640 RR & TRUCK
[ ] 650 AIRLINE REGS
[ ] 660 OCCUPATIONAL SAFETY/HEALTH
[ ] 690 OTHER

**LABOR**

[ ] 710 FAIR LABOR STANDARDS ACT
[ ] 720 LABOR/MGMT RELATIONS
[ ] 730 LABOR/MGMT REPORTING & DISCLOSURE ACT
[ ] 740 RAILWAY LABOR ACT
[ ] 790 OTHER LABOR LITIGATION
[ ] 791 EMPL RET INC SECURITY ACT

**BANKRUPTCY**

[ ] 422 APPEAL 28 USC 158
[ ] 423 WITHDRAWAL 28 USC 157

**PROPERTY RIGHTS**

[ ] 820 COPYRIGHTS
[ ] 830 PATENT
[ ] 840 TRADEMARK

**SOCIAL SECURITY**

[ ] 861 MIA (1395FF)
[ ] 862 BLACK LUNG (923)
[ ] 863 DIWC (405(g))
[ ] 863 DIWW (405(g))
[ ] 864 SSID TITLE XVI
[ ] 865 RSI (405(g))

**FEDERAL TAX SUITS**

[ ] 870 TAXES
[ ] 871 IRS-THIRD PARTY 20 USC 7609

**OTHER STATUTES**

[ ] 400 STATE REAPPORTIONMENT
[ ] 410 ANTITRUST
[ ] 430 BANKS & BANKING
[ ] 450 COMMERCE/ICC RATES/ETC
[ ] 460 DEPORTATION
[ ] 470 RACKETEER INFLUENCED & CORRUPT ORGANIZATION ACT (RICO)
[ ] 480 CONSUMER CREDIT
[ ] 490 CABLE/SATELLITE TV
[ ] 810 SELECTIVE SERVICE
[ ] 850 SECURITIES/ COMMODITIES/ EXCHANGE
[ ] 875 CUSTOMER CHALLENGE 12 USC 3410
[ ] 891 AGRICULTURE ACTS
[ ] 892 ECONOMIC STABILIZATION ACT
[ ] 893 ENVIRONMENTAL MATTERS
[ ] 894 ENERGY ALLOCATION ACT
[ ] 895 FREEDOM OF INFORMATION ACT
[ ] 900 APPEAL OF FEE DETERMINATION UNDER EQUAL ACCESS TO JUSTICE
[ ] 950 CONSTITUTIONALITY OF STATE STATUTES
[ ] 890 OTHER STATUTORY ACTIONS

**ACTIONS UNDER STATUTES**

**REAL PROPERTY**

[ ] 210 LAND CONDEMNATION
[ ] 220 FORECLOSURE
[ ] 230 RENT LEASE & EJECTMENT
[ ] 240 TORTS TO LAND
[ ] 245 TORT PRODUCT LIABILITY
[ ] 290 ALL OTHER REAL PROPERTY

**CIVIL RIGHTS**

[ ] 441 VOTING
[x] 442 EMPLOYMENT
[ ] 443 HOUSING ACCOMMODATIONS
[ ] 444 WELFARE
[ ] 445 AMERICANS WITH DISABILITIES - EMPLOYMENT
[ ] 446 AMERICANS WITH DISABILITIES -OTHER
[ ] 440 OTHER CIVIL RIGHTS

**PRISONER PETITIONS**

[ ] 510 MOTIONS TO VACATE SENTENCE 28 USC 2255
[ ] 530 HABEAS CORPUS
[ ] 535 DEATH PENALTY
[ ] 540 MANDAMUS & OTHER
[ ] 550 CIVIL RIGHTS
[ ] 555 PRISON CONDITION

---

*Check if demanded in complaint:*

CHECK IF THIS IS A CLASS ACTION UNDER F.R.C.P. 23

DO YOU CLAIM THIS CASE IS RELATED TO A CIVIL CASE NOW PENDING IN S.D.N.Y.? IF SO, STATE:

DEMAND $ _Unspecified_  OTHER _Injunctive_    JUDGE _____    DOCKET NUMBER _____

*Check YES only if demanded in complaint*
JURY DEMAND: ☒ YES ☐ NO    NOTE:  Please submit at the time of filing an explanation of why cases are deemed related.

(SEE REVERSE)

**4**

(PLACE AN x IN ONE BOX ONLY)                          **ORIGIN**

☒ 1 Original        ☐ 2a. Removed from  ☐ 3 Remanded from  ☐ 4 Reinstated or   ☐ 5 Transferred from  ☐ 6 Multidistrict  ☐ 7 Appeal to District
  Proceeding              State Court          Appellate Court      Reopened          (Specify District)      Litigation         Judge from
                    ☐ 2b. Removed from State Court                                                                              Magistrate Judge
                          AND at least one party is a pro se litigant                                                            Judgment

(PLACE AN x IN ONE BOX ONLY)                 **BASIS OF JURISDICTION**              | *IF DIVERSITY, INDICATE*
☐ 1 U.S. PLAINTIFF   ☐ 2 U.S. DEFENDANT   ☒ 3 FEDERAL QUESTION   ☐ 4 DIVERSITY    | *CITIZENSHIP BELOW.*
                                              (U.S. NOT A PARTY)                   | *(28 USC 1332, 1441)*

### CITIZENSHIP OF PRINCIPAL PARTIES (FOR DIVERSITY CASES ONLY)

(Place an [X] in one box for Plaintiff and one box for Defendant)

|  | PTF DEF |  | PTF DEF |  | PTF DEF |
|---|---|---|---|---|---|
| CITIZEN OF THIS STATE | [ ] 1  [ ] 1 | CITIZEN OR SUBJECT OF A FOREIGN COUNTRY | [ ] 3 [ ] 3 | INCORPORATED and PRINCIPAL PLACE OF BUSINESS IN ANOTHER STATE | [ ] 5  [ ] 5 |
| CITIZEN OF ANOTHER STATE | [ ] 2  [ ] 2 | INCORPORATED or PRINCIPAL PLACE OF BUSINESS IN THIS STATE | [ ] 4 [ ] 4 | FOREIGN NATION | [ ] 6  [ ] 6 |

PLAINTIFF(S) ADDRESS(ES) AND COUNTY(IES)

Putnam County, New York

DEFENDANT(S) ADDRESS(ES) AND COUNTY(IES)

New York County, New York

DEFENDANT(S) ADDRESS UNKNOWN
REPRESENTATION IS HEREBY MADE THAT, AT THIS TIME, I HAVE BEEN UNABLE, WITH REASONABLE DILIGENCE, TO ASCERTAIN THE RESIDENCE ADDRESSES OF THE FOLLOWING DEFENDANTS:

Check one:   THIS ACTION SHOULD BE ASSIGNED TO:   ☐ **WHITE PLAINS**   ☐ **FOLEY SQUARE**
             (DO NOT check either box if this a PRISONER PETITION.)

DATE                SIGNATURE OF ATTORNEY OF RECORD          ADMITTED TO PRACTICE IN THIS DISTRICT
JUN 0 8 2007        *M PRO SE OFFICE*                        [ ] NO
RECEIPT #                                                    [ ] YES (DATE ADMITTED Mo. _____ Yr. _____)
                                                            Attorney Bar Code #

Magistrate Judge is to be designated by the Clerk of the Court.

Magistrate Judge _____ is so Designated.

J Michael McMahon, Clerk of Court by _____ Deputy Clerk, DATED

UNITED STATES DISTRICT COURT (NEW YORK SOUTHERN)

5

07 CV 5534

JUDGE LYNCH

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

_Dr. Richard G. Grant_

NAME OF PLAINTIFF(S)

v.

_Teachers' Retirement System_
_of the_
_City of New York. City Actuary's Office._

NAME OF DEFENDANT(S)

"_Jury Trial Demanded._"
**COMPLAINT**

This action is brought for discrimination in employment pursuant to (_check only those that apply_):

_____ Title VII of the Civil Rights Act of 1964, as codified, 42 U.S.C. §§ 2000e to 2000e-17 (amended in 1972, 1978 and by the Civil Rights Act of 1991, Pub. L. No. 102-166) (race, color, gender, religion, national origin).
_NOTE: In order to bring suit in federal district court under Title VII, you must first obtain a right to sue letter from the Equal Employment Opportunity Commission._

✓ Age Discrimination in Employment Act of 1967, as codified, 29 U.S.C. §§ 621 - 634 (amended in 1984, 1990, and by the Age Discrimination in Employment Amendments of 1986, Pub. L. No. 99-592, the Civil Rights Act of 1991, Pub. L. No. 102-166).
_NOTE: In order to bring suit in federal district court under the Age Discrimination in Employment Act, you must first file charges with the Equal Employment Opportunity Commission._

_____ Americans with Disabilities Act of 1990, as codified, 42 U.S.C. §§ 12112 - 12117 (amended by the Civil Rights Act of 1991, Pub. L. No. 102-166).
_NOTE: In order to bring suit in federal district court under the Americans with Disabilities Act, you must first obtain a right to sue letter from the Equal Employment Opportunity Commission._



RECEIVED
MAY 1 8 2007
PRO SE OFFICE

6

Jurisdiction is specifically conferred upon this United States District Court by the aforementioned statutes, as well as 28 U.S.C. §§ 1331, 1343. Jurisdiction may also be appropriate under 42 U.S.C. §§ 1981, 1983 and 1985(3), as amended by the Civil Rights Act of 1991, Pub. L. No. 102-166, and any related claims under New York law.

1. Plaintiff resides at:

_22 Noel Court_
Street Address , _Brewster_ ,
City

_Putnam_ , _New York_ , _10509_ , _1-845-279-5387_ .
County          State         Zip Code    Telephone Number

2. Defendant(s) lives at, or its business is located at:

_55 Water Street_
Street Address , _New York_ ,
City

_Manhattan_ , _New York_ , _10041_ , _1-212-612-5414_ .
County           State          Zip Code      Telephone Number

3. The address at which I sought employment or was employed by the defendant(s) is:

_21-21 Ditmars Boulevard_
Street Address ,

_Queens_ , _Astoria_ _New York_ , _11105_ .
County          City       State       Zip Code

2

7

4.     The discriminatory conduct of which I complain in this action
includes (*check only those that apply*):

_____✓_____     Failure to hire me.

_____     Termination of my employment.

_____     Failure to promote me.

_____     Failure to accommodate my disability.

_____     Unequal terms and conditions of my employment.

_____     Retaliation

_____✓_____     Other acts (specify): *Employment Retirement Income Security Act-199*

NOTE: *Only those grounds raised in the charge filed with the Equal Employment Opportunity Commission can be considered by the federal district court.*

5.    It is my best recollection that the alleged discriminatory
acts occurred on:   *December 13, 2001*                          .
                                      *Date*

6.    I believe that defendant(s) (*check one*)

     _____✓_____     is still committing these acts against me.

     _____     is not still committing these acts against me.

7.    Defendant(s) discriminated against me based on my:

          (*check only those that apply and explain*)

[  ]   race _____          [  ]   color _____

[  ]   gender/sex _____          [  ]   religion _____

[  ]   national origin _____

[✓]   age _____.   My date of birth is: *April 24, 1939*.
                                               *Date*

[  ]   disability _____

NOTE: *Only those grounds raised in the charge filed with the Equal Employment Opportunity Commission can be considered by the federal district court.*

3

8

8.   The facts of my case are as follows:

_____ I have been involved in an ongoing Chapter 126 Credit for Tier 1 Members pension dispute with the City Actuary's office of the Teachers' Retirement System of the City of New York. Since I officially retired on June 30, 2001. The crux of the dispute centers on my official retirement date. In order to receive this additional twelve months of service credit factored into my Final Average Salary of $85,532.45 I had to work from October 1, 2000 through June 30, 2001. I completed this requirement but was never officially informed of the July 1, 2001 filing date, as I was on a paid leave of absence (medical)

(Attach additional sheets as necessary)

Note:     As additional support for the facts of your claim, you may attach to this complaint a copy of the charge filed with the Equal Employment Opportunity Commission, the New York State Division of Human Rights, or the New York City Commission on Human Rights.

9.   It is my best recollection that I filed a charge with the New York State Division of Human Rights or the New York City Commission on Human Rights regarding defendant's alleged discriminatory conduct on:_____N/A_____
                                          Date

10.  It is my best recollection that I filed a charge with the Equal Employment Opportunity Commission regarding defendant's alleged discriminatory conduct on:___October 2 2006___.
                                                Date

4

9

Page 2 of 2

for the month of June 2001. At present, I am approximately $9,000 in arrears. Moreover, when I discovered this error, on November 11, 2001, I subsequently offered to 'unretire', so as to complete the Chapter 126 'missing day', but was denied owing to my age. On October 2, 2006, after an exhaustive rejection procedure on the part of the Teachers' Retirement System's Legal Department, I decided to file a Charge of Discrimination (Age) application with the Equal Employment Opportunity Commission seeking either a mediation process or a Notice of Right to Sue. The mediation procedure did not materialize and I was subsequently issued, on request, the Notice of Right to Sue letter with a May, 2007 date of origin. I am presently 68 years of age and am not receiving the pension I earned.

10

**Only litigants alleging age discrimination must answer Question # 11.**

11.   Since filing my charge of age discrimination with the Equal Employment Opportunity Commission regarding defendant's alleged discriminatory conduct *(check one)*,

     _____    60 days or more have elapsed.

     \_✓\_\_    less than 60 days have elapsed.

12.   The Equal Employment Opportunity Commission (check one):

     _____    <u>has</u> <u>not</u> issued a Right to Sue letter.

     \_✓\_\_    <u>has</u> issued a Right to Sue letter, which I received on _____
                                                 *Date*

**NOTE:**   *Attach a copy of the Right to Sue Letter from the Equal Employment Opportunity Commission to this complaint.*

      WHEREFORE, Plaintiff prays that the Court grant such relief as may be appropriate, including injunctive orders, damages, costs, and attorney's fees.

                              *Dr. Richard H. Grant*
                            *PLAINTIFF'S SIGNATURE*

     Dated: *May 16, 2007*

5

**11**

\* \* \* \* \*

In some types of actions, you are entitled to a trial by jury. However, you lose your rights to a jury trial if you do not ask for it early enough.

If you want a jury trial you should write "**JURY TRIAL DEMANDED**" on the front page of your complaint to the right of the caption, above or below the word "complaint".  You can also demand a jury trial within 10 days of service of the defendant's answer.  <u>See</u> Rule 38(b) of the Federal Rules of Civil Procedure.

\* \* \* \* \*

**12**

EEOC Form 161-B (3/98)

## U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION

## NOTICE OF RIGHT TO SUE (ISSUED ON REQUEST)

To:  Richard Grant
22 Noel Court Blackberry Hill
Brewster, NY 10509

From:  Boston Area Office
John F. Kennedy Fed Bldg
Government Ctr, Room 475
Boston, MA 02203

|  | On behalf of person(s) aggrieved whose identity is CONFIDENTIAL (29 CFR §1601.7(a)) |

| EEOC Charge No. | EEOC Representative | Telephone No. |
|---|---|---|
| 520-2007-00167 | Edward J. Ostolski, Investigator | (617) 565-3214 |

**NOTICE TO THE PERSON AGGRIEVED:**

(See also the additional information enclosed with this form.)

**Title VII of the Civil Rights Act of 1964 and/or the Americans with Disabilities Act (ADA):** This is your Notice of Right to Sue, issued under Title VII and/or the ADA based on the above-numbered charge. It has been issued at your request. Your lawsuit under Title VII or the ADA must be filed in a federal or state court <u>WITHIN 90 DAYS</u> of your receipt of this notice; or your right to sue based on this charge will be lost. (The time limit for filing suit based on a state claim may be different.)

[ ]  More than 180 days have passed since the filing of this charge.

[ ]  Less than 180 days have passed since the filing of this charge, but I have determined that it is unlikely that the EEOC will be able to complete its administrative processing within 180 days from the filing of this charge.

[ ]  The EEOC is terminating its processing of this charge.

[ ]  The EEOC will continue to process this charge.

**Age Discrimination in Employment Act (ADEA):** You may sue under the ADEA at any time from 60 days after the charge was filed until 90 days after you receive notice that we have completed action on the charge. In this regard, the paragraph marked below applies to your case:

[X]  The EEOC is closing your case. Therefore, your lawsuit under the ADEA must be filed in federal or state court <u>WITHIN 90 DAYS</u> of your receipt of this Notice. Otherwise, your right to sue based on the above-numbered charge will be lost.

[ ]  The EEOC is continuing its handling of your ADEA case. However, if 60 days have passed since the filing of the charge, you may file suit in federal or state court under the ADEA at this time.

**Equal Pay Act (EPA):** You already have the right to sue under the EPA (filing an EEOC charge is not required.) EPA suits must be brought in federal or state court within 2 years (3 years for willful violations) of the alleged EPA underpayment. This means that **backpay due for any violations that occurred <u>more than 2 years (3 years)</u>** before you file suit may not be collectible.

If you file suit, based on this charge, please send a copy of your court complaint to this office.

On behalf of the Commission

Robert L. Sanders,
Area Office Director

MAY 1 - 2007

(Date Mailed)

Enclosures(s)

cc:  TEACHERS RETIREMENT SYSTEM  NY CITY
55 Water Street
New York, NY 10041

**13**



**U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION**
**Boston Area Office**

John F. Kennedy Federal Building
Government Center
Fourth Floor, Room 475
Boston, MA 02203-0506
1-866-408-8075
General Information-Inquiries: 1-800-669-4000
Boston Area Office: TTY (617) 565-3204
Boston Area Office: FAX (617) 565-3196

APR 2 7 2007

Richard Gordon Grant
22 Noel Court Blackberry Hill
Brewster, NY 10509

Re:    Charge No. 520-2007-00167, Grant v. Teachers Retirement System of New York
       City

Dear Mr. Grant:

You are hereby notified that the letter dated March 27, 2007, informing you that your request for a the issuance of a Notice of Right to Sue in connection with the above referenced matter had been forwarded to the U.S. Department of Justice was issued in error and has been rescinded. We regret any inconvenience you may have experienced as a result this action.

Very truly yours,

Robert L. Sanders, Director
Boston Area Office

14



**U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION**
**Boston Area Office**

John F. Kennedy Federal Building
Government Center
Room 475
Boston, MA 02203-0506
(617) 565-3200
TTY (617) 565-3204
FAX (617) 565-3196

3/23/2007

Re: Charge No.: 520-2007-00167
Grant v Teachers Retirement System of NY City

Richard Gordon Grant
22 Noel Court Blackberry Hill
Brewster, NY 10509

MAR 27 2007

Dear Mr. Grant:

The Equal Employment Opportunity Commission (EEOC) has received your request for the issuance of a Notice of Right to Sue in connection with the above-referenced charge. Because the Respondent in this charge is from the public sector, the Notice of Right to Sue must be issued by the U.S. Department of Justice. Therefore, the request has been forwarded to that agency for action. The Department of Justice will act on your request as soon as possible and issue the Notice of Right to Sue directly to you. You will then have 90 days from your receipt of the Notice of Right to Sue to file suit in federal district court.

If you have any further questions concerning the issuance of the Notice of Right to Sue, you may write to the Department of Justice at the following address:

U.S. DEPARTMENT OF JUSTICE
10TH AND CONSTITUTION AVENUE, N. W.
CIVIL RIGHTS DIVISION
ATT: KAREN FERGUSON, CIVIL RIGHTS ANALYST
EMPLOYMENT LITIGATION SECTION
PATRICK HENRY BUILDING, RM. 4239
WASHINGTON, D.C. 20530

Please note that with the issuance of the Notice of Right to Sue the EEOC will discontinue its administrative processing of this charge.

If you have any questions concerning the charge or the EEOC's processing, please call Edward J. Ostolski @ (617) 565-3214.

Sincerely,

Robert L. Sanders
Area Director

cc: Teachers Retirement System of NY City

15



THE CITY OF NEW YORK
## LAW DEPARTMENT
100 CHURCH STREET
NEW YORK, NY 10007

**MICHAEL A. CARDOZO**
*Corporation Counsel*

**Inga Van Eysden**
Phone: 212-788-0745
Fax: 212-788-8900
E-mail: ivaneysd@law.nyc.gov

April 23, 2007

Dr. Richard Grant
22 Noel Court
Brewster, NY 10509

Re:  Documentation Request

Dear Dr. Grant:

     In response to your April 3, 2007 letter, I write to inform you that the Law Department does not have any documents responsive to your request.  I refer you to the April 9, 2007 letter from the Teacher's Retirement System addressed to you, and to the documents included with that letter.

Very truly yours,

Inga Van Eysden
Chief – Pensions Division

**16**



**TEACHERS' RETIREMENT BOARD**
**TEACHERS' RETIREMENT SYSTEM**
55 Water Street, New York, N.Y. 10041

April 9, 2007

Dr. Richard Grant
22 Noel Court
Brewster, NY 10509

**Re:  Documentation Request**

Dear Dr. Grant:

The Legal Division of the Teachers' Retirement System of the City of New York (TRS) is writing in response to your recent correspondence, dated April 3, 2007.  Enclosed please find the following documents you requested:

- The correspondence from TRS, dated December 13, 2001, which informed you of your ineligibility for Chapter 126 service credit.

- A copy of Chapter 126 of the Laws of 2000.

Should you have any additional questions or concerns, please contact the TRS Legal Division.

Very truly yours,

*Renée Pearce*

Renee Pearce, Esq.
Legal Division

Enc(s).

17



**U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION**
**Boston Area Office**

John F. Kennedy Federal Building
Government Center
Room 475
Boston, MA 02203-0506
(617) 565-3200
TTY (617) 565-3204
FAX (617) 565-3196

February 21, 2007

Richard Grant
22 Noel Court Blackberry Hill
Brewster, New York 10509

Renee Pearce, Esquire
Attorney at Law
Teachers Retirement System of New York City
55 Water Street 16th Floor
New York City, New York 10041

     Re:    Charge No. 520-2007-00167
              Grant v. Teachers Retirement System of New York City

Dear Parties:

This is to advise you that the above referenced case is no longer eligible for mediation through the
EEOC's Mediation Program, either because a party declined the offer of mediation, a party failed to
respond by the stated due date, or mediation did not result in the resolution of this charge.
Consequently, it has been returned to the Enforcement Unit for processing. Investigator Edward
Ostolski is the contact individual for this charge. He maybe reached at 617 565-3215. Position
statement from the employer is due to this office on March 16, 2007.

On Behalf of the Commission

Elizabeth A. Marcus
Mediator, Boston Area Office

**18**



**U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION**
Boston Area Office

John F. Kennedy Federal Building
Government Center
Fourth Floor, Room 475
Boston, MA 02203

Tel: (617) 565-3212
Fax: (617) 565-3196
email: elizabeth.marcus@eeoc.gov

December 29, 2006

Richard Grant
22 Noel Court Blackberry Hill
Brewster, New York 10509

Renee Pearce, Esquire
Agency Attorney
Teachers Retirement System of City of New York
55 Water Street 16th Floor
New York City, New York 10041

Re:    Charge Number 520-2007-00167
        Grant v. Teachers Retirement System of New York

Dear Parties::

Thank you for agreeing to use EEOC's mediation process. We hope that this process will allow you to resolve this matter quickly and to your satisfaction. Remember that the mediation is not a hearing. The mediator is not there to gather information or to render any determination on behalf of the EEOC. The mediator is there to help the parties explore alternatives, and find a way to settle differences so that you can put this matter behind you and move on.

**Date:**            January 24, 2007

**Time:**            10:00am

**Location:**        EEOC/New York District Office
                      33 Whitehall Street
                      New York City, New York 10004
                      Phone: 212 336-3646 /48

**Attendees:**       **Please advise the EEOC of who will be attending the mediation. It is imperative that all parties bring with them a person who has settlement authority. Alternatively, such persons must be available at all times by telephone.**

**It is important that you keep this date and be on time because there are no assurances we will be able to reschedule this mediation session.** Please be prepared to send alternate attorney/employer representatives if needed. If an absolute emergency occurs and delegation is not possible, please contact me immediately. I may be reached at the number or email address listed above.

On Behalf of the Commission:

Elizabeth A. Marcus
Mediator, Boston Area Office

cc:    David Phillips/ADR Unit NYDO

DOCUMENTS                                                                    PROPERTY



*"M'hot zei in drerd di rotzchim."*

# DR. RICHARD GORDON GRANT
## HOLOCAUST HISTORIAN
*Archivist • Author • Consultant • Lecturer*

15 December 2006

Re: Chapter 126 Mediation.
ATTN: Elizabeth Marcus, EEOC.
FAX: 1-617-565-3196.
TeL: 1-617-565-3212

The following dates in January, 2007 would be acceptable in my situation, January 10th; 17th; 24th and 31st, all Wednesdays!

If acceptable by the Teachers' Retirement System, please indicate the time and location with address and if there is municipal parking. It is very expensive for me, toll wise and parking, to drive down from Brewster. Public Transportation is too unpredictable i.e., Commuter trains, buses +/or NYC subways.

Sincerely,
Dr. Richard Grant

22 Noel Court • Brewster, NY 10509 • Phone/Fax 845-279-5387

FINE ARTS                                                              REPARATIONS



**TEACHERS' RETIREMENT BOARD**
**TEACHERS' RETIREMENT SYSTEM**
40 WORTH STREET, NEW YORK, N.Y. 10013

December 13, 2001
00T645574

Mr. Richard Grant
22 Noel Court- Blackberry Hill
Brewster, NY 10509

Dear Mr. Grant:

The Teachers' Retirement System of the City of New York (TRS) is in receipt of
your inquiry, addressed to Donald Miller, TRS Executive Director, regarding
your retirement allowance and credit for service rendered.

Please be advised that the November 30, 2001 check for $5,226.07 had no Federal
tax withheld. Regarding your military service credit, please note that TRS
records indicate that your **2 years, 10 days** of service were credited in your
overall Prior Service, as noted on the Prior Service Credit letter of March 2, 2001.

The legislation to which you refer as a "Tier I incentive," is Chapter 126 (see
brochure enclosed), which grants 12 months additional service credit to members
who were in service (or on approved leave) through June 30, 2001, and whose
retirement date is July 1, 2001 or later. This legislation also provides 24 months
service credit for members who remain in service through June 30, 2002, and
whose retirement date is July 1, 2002 or later. <u>You were ineligible for Chapter
126, because your retirement date was June 30, 2001, one day short of the
qualifying date.</u>

Regarding your inquiry about calculation of your Final Average Salary (FAS),
please note that a retiring Tier I member's FAS is based on the last 12 months of
service. The calculation of your FAS is based on the following salary levels for
the 12 months prior to your June 30, 2001 retirement date:

| Start Date | End Date | Salary |
|------------|----------|--------|
| 6/30/00 | 8/11/00 | $77,545.00 |
| 8/12/00 | 9/30/00 | $86,378.00 |
| 10/01/00 | 3/31/01 | $89,778.00 |
| 4/01/01 | 6/29/01 | $90,457.00 |

Total    $\frac{\$344,158}{4}$ = $86,039.50 FAS

If you have any further questions, please contact our Member Services Center at 1(888) 8-NYC-TRS.

Sincerely,

JoAnne Lennon
Correspondence Unit

JL:lr

22

(i) for each such monthly payment made to such person for the month of July, nineteen hundred ninety-four and for each month thereafter to and including the month of nineteen hundred ninety-five, the words "one hundred fifty dollars" shall be substituted for the words "one hundred dollars" in such paragraph two or three; and

(ii) for each such monthly payment made to such person for the month of July, nineteen hundred ninety-five and for each month thereafter, the words "one hundred sixty dollars" shall be substituted for the words "one hundred dollars" in such paragraph two or three.

(iii) for each such monthly payment made to such person for the month of July, two thousand and for each month thereafter, the words "two hundred dollars" shall be substituted for the words "one hundred dollars" in such paragraph two or three. Commencing September first, two thousand one, the monthly benefit payable pursuant to this section, increased in an amount determined pursuant to subdivision d of section 13-696 of the ...

§ 17.  Paragraph (4) of subdivision a of section 13-687 of the administrative code of the city of New York, as added by chapter 568 of the laws of 1995, is amended to read as ...

(4) Notwithstanding any other provision of law to the contrary, for payments made ... month of July, nineteen hundred ninety-four and for each month thereafter pursuant ... in accordance with the requirements of paragraph two or three of this subdivision ... surviving spouse of a member of the police pension fund, subchapter one, such paragraph ... or three shall be deemed to provide for the following amounts of such payments:

(i) for each such monthly payment made to such person for the month of July, nineteen hundred ninety-four and for each month thereafter to and including the month of nineteen hundred ninety-five, the words "one hundred fifty dollars" shall be substituted for the words "one hundred dollars" in such paragraph two or three; and

(ii) for each such monthly payment made to such person for the month of July, nineteen hundred ninety-five and for each month thereafter, the words "one hundred sixty dollars" shall be substituted for the words "one hundred dollars" in such paragraph two or three.

(iii) for each such monthly payment made to such person for the month of July, two thousand and for each month thereafter, the words "two hundred dollars" shall be substituted for the words "one hundred dollars" in such paragraph two or three. Commencing September first, two thousand one, the monthly benefit payable pursuant to this section, increased in an amount determined pursuant to subdivision d of section 13-696 of the ...

§ 18.  This act shall take effect immediately provided, however, that section this act shall take effect on the same date as section 13 of a chapter of the laws ... amending the administrative code of the city of the New York relating to comba... correction officers' variable supplements fund, as proposed in legislative bill numb... 7976-A and A. 11239-A, takes effect.

---

## RETIREMENT AND SOCIAL SECURITY—BENEFIT ENHANCEMEN...

### CHAPTER 126

S. 8142, A. 11418

Approved July 11, 2000, effective as provided in section 4

AN ACT to amend the retirement and social security law, in relation to providing ... enhancements

The People of the State of New York, represented in Senate and Assembly, do ... follows:

§ 1.  The retirement and social security law is amended by adding a new article 49 ... as follows:

Additions are indicated by underline; deletions by strikeout; vetoes by shading

Ch. 126, § 1

## ARTICLE 19 BENEFIT ENHANCEMENTS

**Section**
900.    Definitions.
901.    Election of benefit enhancements.
902.    Benefit enhancements.

§ 900.    Definitions.    The following words and phrases as used in this article shall have the following meanings unless a different meaning is plainly required by the context:

"Retirement system" shall mean the New York state and local employees' retirement and the New York state teachers' retirement system.

"State employer" shall mean the executive branch of the state, the senate, the assembly and legislative employers.

"Participating employer" shall mean an employer, other than a state employer, which participates in a retirement system.

"Eligible employee", subject to the limitations of section nine hundred two of this article, shall mean a member of a retirement system who is identified as eligible to receive the benefit enhancements provided for in this article upon election by a state employer pursuant to section nine hundred one of this article; "eligible employee" of a participating employer shall mean all employees, subject to the limitations of section nine hundred two of this article.

"Active service" shall mean (i) service while being paid on the payroll; (ii) a leave of absence with pay; (iii) other approved leave without pay not to exceed twelve weeks; and (iv) any period of time between school terms for a teacher or other employee employed on a school year basis.

"Cessation date" shall mean the beginning date of an eligible employee's first payroll period commencing on or after October first, two thousand, or the effective date as of which the employee becomes eligible for the benefits contained in subdivision b of section nine hundred two of this article, or the date on which the eligible employee attains ten years of membership, whichever is latest.

§ 901.    Election of benefit enhancements.    a.    A state employer may elect to provide its employees the benefit enhancements provided for in section nine hundred two of this article.

With respect to members of a retirement system employed in the executive branch (including employees of an institution for the instruction of the deaf and of the blind as enumerated in section four thousand two hundred one of the education law), such election shall be made by the governor.

With respect to members of a retirement system employed by the senate, such election shall be made by adoption of a resolution by the senate.

With respect to members of a retirement system employed by the assembly, such election shall be made by adoption of a resolution by the assembly.

With respect to members of a retirement system employed by joint legislative employers, such election shall be made by adoption, and consistent with rules established by, concurrent resolution of the senate and assembly.

An election to provide benefit enhancements pursuant to subdivision a of this section may be made applicable to all employees of a state employer or to all employees who are represented by a specific collective bargaining organization, recognized or certified pursuant to article fourteen of the civil service law, and/or to all employees who are not represented for purposes of collective bargaining subject to the limitation provided in section nine hundred two of this article.

§ 902.    Benefit enhancements.    a.    1.    An eligible employee (i) with a date of membership in the retirement system prior to July twenty-seventh, nineteen hundred seventy-six and (ii) who was in active service as of April first, nineteen hundred ninety-nine and continued in active service with a public employer up to and including (A) October first, two thousand or, if later, (B) the eligible employee's date of retirement or death, if applicable, (but no earlier than June first, two thousand) shall receive one-twelfth of a year of additional retirement

credit for each year of retirement credit for service rendered as of the date of retire...
death, if applicable, up to a maximum of two years of retirement credit.

2. The additional retirement service credit provided for in paragraph one of this sub-
sion shall not apply to (i) an employee who retires under a retirement plan which ...
twenty year service retirement without regard to age, (ii) an employee who reti...
a retirement plan which allows for twenty-five year service retirement without re...
when it has been determined that the criminal law enforcement service creditable ...
employee is in the aggregate more than fifty per centum for duties not as a correction...

3. Notwithstanding any other provision of law, if the service retirement benefit ...
eligible employee is subject to a maximum retirement benefit, the additional benefit...
rized by this subdivision shall be computed by multiplying the final average salary ...
number of years of service credit granted by this subdivision, times the benefit fract...
plan under which the employee retires.

b. 1. An eligible employee (i) with a date of membership in a retirement system ...
after July twenty-seventh, nineteen hundred seventy-six and (ii) who has ten or mor...
membership with a retirement system under the provisions of article fourteen ...
this chapter shall not be required to contribute to a retirement system pursuant ...
five hundred seventeen or six hundred thirteen of this chapter as of the "cess...

2. No contribution made to a retirement system by an eligible employer ...
eligible employee's cessation date shall be refunded, except as otherwise allowab...
to article fourteen or fifteen of this chapter.

3. Nothing in this subdivision shall affect the obligation of an eligible employe...
any contributions previously refunded pursuant to article fourteen or fifteen of th...
with applicable interest pursuant to section six hundred forty-five of this chapter ...
such person rejoins a retirement system. Nothing in this subdivision shall ...
obligation of an eligible employee to pay such amounts as may be required ...
hundred seventeen or six hundred thirteen of this chapter, or the ...
provision of law for service rendered prior to such employee's cessation date ...
rendered prior to such employee's date of membership at a time such employee...
member of a retirement system.

c. The benefit enhancements provided for in this section shall be made av...
eligible employees of a participating employer in a retirement system.

§ 2. The retirement and social security law is amended by adding a new ar...
read as follows:

## ARTICLE 19-A BENEFIT ENHANCEMENTS FOR CERTAIN
## RETIREMENT SYSTEMS IN THE CITY OF NEW YORK

Section
910. Definitions.
911. Benefit enhancements.

§ 910. Definitions. The following words and phrases as used in this article sh...
following meanings unless a different meaning is plainly required by the context ...
a. "Retirement system" shall mean the New York city teachers' retirement ...
New York city board of education retirement system or the New York city ...
retirement system.

b. "Eligible member" shall mean a member of a retirement system other than ...
who (1) is an employee of the New York city transit authority, and (2) is either (i) ...
the provisions of section 13-161 of the administrative code of the city of New Yor...
New York city transit authority members as defined in paragraph one of subdiv...
section six hundred four-b of this chapter.

c. "Active service" shall mean (1) service while being paid on the payroll, (2) ...
absence with pay, (3) other approved leave without pay not to exceed twelve wee...
period of time between school terms for a teacher or other employee employed ...

Additions are indicated by underline, deletions by strikeout, vetoes by shading

sis; and (5) periods of time between regularly scheduled periods of paid service in the university of New York.

"Cessation date" shall mean the later of (1) October first, two thousand or (2) the date which the eligible member attains ten years of membership.

b. Benefit enhancements. a. 1. An eligible member other than a member of the New York city teachers' retirement system (i) with a date of membership in a retirement system prior to July twenty-seventh, nineteen hundred seventy-six and (ii) who was in active service on June first, two thousand and continued in active service until October first, two thousand, shall receive one-twelfth of a year of additional retirement credit for each year of retirement credit for service rendered as of the date of retirement, vesting, transfer or death, if applicable, up to a maximum of two years of retirement credit. Such additional credit shall be available for all purposes, including fulfilling the qualifying service requirements of Plans A or C, if applicable.

An eligible member who is a member of the New York city teachers' retirement system (i) with a date of membership prior to July twenty-seventh, nineteen hundred seventy-six and (ii) who was in active service on October first, two thousand and (A) continued in active service up to and including June thirtieth, two thousand one, shall receive one-twelfth of a year of additional retirement credit for each year of retirement credit for service rendered as of the date of retirement, vesting, transfer or death, if applicable, up to a maximum of one year of retirement credit or (B) continued in active service up to and including June thirtieth, two thousand two, shall receive one-twelfth of a year of additional retirement credit for each year of retirement credit for service rendered as of the date of retirement, vesting, transfer or death, if applicable, up to a maximum of two years of retirement credit. No eligible member shall receive more than two years of retirement credit pursuant to this section. Such additional credit shall be available for all purposes, including fulfilling the qualifying service requirements of Plan A or C, if applicable.

2. Notwithstanding any other provisions of law, if the service retirement benefit of an eligible member is subject to a maximum retirement benefit, including any limitation imposed by section four hundred forty-four of this chapter, the additional benefit authorized by this subdivision shall be computed by multiplying the pensionable salary base times the number of years of service credit granted by this subdivision times the benefit fraction of the plan under which the employee retires.

b. 1. An eligible member (i) with a date of membership in a retirement system on or before July twenty-seventh, nineteen hundred seventy-six and (ii) who has ten or more years of membership with a retirement system under the provisions of article fourteen or fifteen of this chapter shall not be required to contribute to a retirement system pursuant to section five hundred seventeen or six hundred thirteen of this chapter as of the cessation date.

No contribution made to a retirement system by an eligible member prior to the eligible member's cessation date shall be refunded, except as otherwise allowable pursuant to article fourteen or fifteen of this chapter.

2. Nothing in this subdivision b shall affect the obligation of an eligible member to repay any contributions previously refunded pursuant to article fourteen, fifteen or fifteen-D of this chapter in the event such person rejoins a retirement system. Nothing in this subdivision b shall affect the obligation of an eligible member to pay such amounts as may be required by section five hundred seventeen, six hundred nine or six hundred thirteen of this chapter or by any other provision of law for service rendered prior to such member's date of membership at the time such member was not a member of a retirement system.

§ 5. The costs resulting from section one of this act for each retirement system shall be borne by the state, as applicable, and all participating employers.

§ 6. This act shall take effect immediately and shall be deemed to have been in full force and effect on June 1, 2000 except that for members of the New York city employees' retirement system, the board of education retirement system and the New York city teachers' retirement system this act shall take effect October 1, 2000, provided that the provisions of this act shall not be implemented or otherwise made operative with respect to any member of the New York city employees' retirement system, board of education retirement system or New York city teachers' retirement system who is represented for collective bargaining

CH. 126, § 4                                    LAWS OF NEW

purposes by an employee organization, until the board of trustees of such retirement
makes an irrevocable election or elections to make operative the provisions of this act
members of the retirement system.

## FACILITIES DEVELOPMENT CORPORATION ACT—PAYMENT REQUISITIONS

### CHAPTER 127

S-7045

Approved and effective July 11, 2000

AN ACT to amend the facilities development corporation act, in relation to eliminating
as to form of contracts and certification of payment requisitions

*The People of the State of New York, represented in Senate and Assembly, do
follows:*

§ 1. Paragraph g of subdivision 2 of section 9 of section 1 of chapter 359 of
1968, constituting the facilities development corporation act, as amended by chapter
laws of 1973 and the opening paragraph as amended by chapter 105 of the laws
amended to read as follows:

g. All contracts which are to be awarded pursuant to this paragraph shall be
public letting in accordance with the following provisions, notwithstanding any
provision of section one hundred thirty-six, one hundred thirty-nine or one hundred
the state finance law, except that in the discretion of the directors of the corporation
contract may be entered into for such purposes without public letting where the
expense thereof is no more than forty thousand dollars.

(i) If contracts are to be publicly let, the directors of the corporation shall give
invitation to bid in a newspaper published in the county of Albany and in such
newspapers as will be most likely in their opinion to give adequate notice to contractors
work required and of the invitation to bid. The invitation to bid shall contain
information as the directors of the corporation deem appropriate and a statement
time and place where all bids received pursuant to such notice will be publicly opened
read.

(ii) The directors of the corporation shall not award any contract after public
except to the lowest bidder who in their opinion is qualified to perform the work
is responsible and reliable. The directors of the corporation may, however, reject
bids, again advertise for bids, or waive any informality in a bid if they believe that
interest will be promoted thereby. The directors of the corporation may reject
their judgment the business and technical organization, plant, resources, financial
business experience of the bidder, compared with the work to be performed
rejection.

(iii) The invitation to bid and the contract awarded shall contain such other
conditions, and such provisions for penalties, as the directors of the corporation
desirable.

(iv) The form of any contract awarded pursuant to this subdivision shall be
attorney general and by the comptroller and shall contain a clause that the contract
deemed obligatory to the extent of the moneys available and that no liability shall
by the corporation or by the state beyond the moneys available therefor. App
attorney general and by the comptroller as to the form of any additions to, deletions
modifications in any contract previously approved by them shall be required
such additions, deletions or modifications are of a substantial nature materially
original contract.

628          Additions are indicated by underline, deletions by strikeout, vetoes by shading

# CHARGE OF DISCRIMINATION

This form is affected by the Privacy Act of 1974; See Privacy Act Statement before completing this form.

| AGENCY | CHARGE NUMBER |
|---|---|
| ☐ FEPA ☒ EEOC | |

and EEOC

State or local Agency, if any

NAME (Indicate Mr., Ms., Mrs.)
**Mr. Richard G. Grant**

HOME TELEPHONE (Include Area Code)
1- 845-279-5387

STREET ADDRESS / CITY, STATE AND ZIP CODE
202 Noel Court, Blackberry Hill, Brewster, New York 10509

DATE OF BIRTH
April 24, 1939

NAMED IS THE EMPLOYER, LABOR ORGANIZATION, EMPLOYMENT AGENCY, APPRENTICESHIP COMMITTEE, STATE OR LOCAL GOVERNMENT AGENCY WHO DISCRIMINATED AGAINST ME (If more than one list below.)

| NAME | NUMBER OF EMPLOYEES, MEMBERS | TELEPHONE (Include Area Code) |
|---|---|---|
| Teachers' Retirement System of the City of New York | - 100,000 | 1-212-612-5414 |

STREET ADDRESS / CITY, STATE AND ZIP CODE
55 Water Street, New York, New York 10041

COUNTY
Manhattan

NAME

TELEPHONE NUMBER (Include Area Code)

STREET ADDRESS / CITY, STATE AND ZIP CODE

COUNTY

CAUSE OF DISCRIMINATION BASED ON (Check appropriate box(es))

☐ RACE  ☐ COLOR  ☐ SEX  ☐ RELIGION  ☐ NATIONAL ORIGIN
☐ RETALIATION  ☒ AGE  ☐ DISABILITY  ☐ OTHER (Specify)

*RMS*

DATE DISCRIMINATION TOOK PLACE
EARLIEST 11/05/01    LATEST 9/29/06

D.o.B. 4/24/39 Chapter 126 Pension Dispute

☐ CONTINUING ACTION

THE PARTICULARS ARE (If additional paper is needed, attach extra sheet(s)):

I have been involved in an ongoing Chapter 126 pension dispute with the Teachers' Retirement System of the City of New York, since I officially retired on June 30, 2001. The crux of the dispute centers on my official retirement date. The Chapter 126 Credit for Tier I Members (2000) provided additional pension service credit to eligible Tier I members of the Teachers' Retirement System who were in service as of October 1, 2000 and who remained in service through June 30, 2001. I was to receive one month of service credit for each year of service rendered as of my retirement on June 30, 2001, for a maximum of 12 months of service credit. Rather than

I want this charge filed with both the EEOC and the State or local Agency, if any. I will advise the agencies if I change my address or telephone number and I will cooperate fully with them in the processing of my charge in accordance with their procedures.

I declare under penalty of perjury that the foregoing is true and correct.
TRS Pension Retirement Number: #7085310.
Social Security Number: 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

Date October 2, 2006    Charging Party (Signature) Richard G. Grant

NOTARY - (When necessary for State and Local Requirements)

I swear or affirm that I have read the above charge and that it is true to the best of my knowledge, information and belief.

SIGNATURE OF COMPLAINANT
Richard G. Grant

SUBSCRIBED AND SWORN TO BEFORE ME THIS DATE
(Day, month, and year) 2-10-2006
Ann Clement

EEOC FORM 5 (REV. 3/01)

ANN CLEMENT
Notary Public, State of New York
No. 4919356
Qualified in Putnam County
Commission Expires February 8, 2010

**28**

EEOC Form 5 (5/01)

| CHARGE OF DISCRIMINATION | Charge Presented To: | Agency(ies) Charge No(s): |
|---|---|---|
| This form is affected by the Privacy Act. See enclosed Privacy Act Statement and other information before completing this form. | ☐ FEPA ☒ EEOC | |

RECEIVE

OCT 5 2006

State or local Agency, if any                                        and EEOC

EEOC NEW YORK ENFORCEMENT

THE PARTICULARS ARE  (Continued from previous page):

retire on June 30, 2000, I chose to extend my retirement date by one year, June 30, 2001, in order to be eligible for the 12 months of additional Chapter 126 money which was to be factored into my Final Average Salary of $88,055.90. The Law Department i.e. Joel Giller at the Teachers' Retirement System of the City of New York stated that my official retirement date should have been July 1, 2001. I was never officially informed of this requirement and was denied my Chapter 126 pension entitlement. At present, I am 63 months in arrears, approximately, $9,500 gross based on 1.7 of 88,055.90. This is grossly unfair as I worked the entire year, 2000-2001, in order to be eligible. Moreover, I previously filed an Equitable Estoppel on my own merits to no avail. I also originally filed my retirement papers with an August 31, 2001 date. They were returned for filing too early, (90) day window. Both the editor of "The Chief" i.e. Richard Steir and their reporter, Reuven Blau have written articles on my behalf. I would now like to pursue a Pro Se claim under Title VII in the United States Eastern District Court, 225 Cadman Plaza East, Brooklyn, N.Y. 1120 They require a "Right to Sue Letter" issued by the EEOC. Under ERISA (Employment Retirement Income Security Act of 1974, I wish to legally challenge the TRS regarding my lack of employee information i.e. official retirement date notification

| I want this charge filed with both the EEOC and the State or local Agency, if any. I will advise the agencies if I change my address or phone number and I will cooperate fully with them in the processing of my charge in accordance with their procedures. | NOTARY – When necessary for State or Local Agency Requirements |
|---|---|
| I declare under penalty of perjury that the above is true and correct. | I swear or affirm that I have read the above charge and that it is true to the best of my knowledge, information and belief. |

TRS Pension Retirement Number : W 7085310
Social Security Number : 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.

October 2, 2006    Richard G. Grant
Date                    Charging Party Signature

SIGNATURE OF COMPLAINANT

Richard G. Grant

SUBSCRIBED AND SWORN TO BEFORE ME THIS DATE
(month, day, year)    10-2-2006

ANN CLEMENT
Notary Public, State of New York
No. 4918356
Qualified in Putnam County
Commission Expires February 8, 2010

Ann Clement

**29**

YSTEM OF THE CITY OF NEW YORK
eet, New York, N.Y. 10013

| | Member Name: | GRANT |
|---|---|---|
| | Active #: | 00T645574 |
| | Retirement #: | |
| | Date of Retirement: | 06-30-01 |
| | Tier#: | 1 |

nal Average S............eet

**The Chief**

| ...ble ...s | Number of Days | Decimal Equivalent | Prorated Salary |
|---|---|---|---|
| 5.00 | 1 | 0.002777 | $ 232.00 |
| 8.00 | 41 | 0.113888 | $ 9,837.42 |
| 8.00 | 19 | 0.052777 | $ 4,738.21 |
| 8.00 | 210 | 0.583333 | $ 55,870.47 |
| 5.00 | 89 | 0.247222 | $ 24,740.74 |
| - | | | |
| | | | |
| - | | | $ 113.61 |
| | | | $ - |
| | | | $ 95,532.45 |

*ATTN: Joel Giller*

*From: Dr. Richard Grant*

DIVISION OF PERSONNEL
65 Court Street, Brooklyn, N. Y. 11201

RCS PAGE 12:

APPLICATION FOR EXCUSE OF ABSENCE FOR PERSONAL ILLNESS (SICK LEAVE)

☐ - Community District                          ☐ - City District  Instructional Staff
☐ - For Information of Medical Division              ☐ - Request for Medical Evaluation

Read rules on reverse and type separate application for each non-consecutive absence in month.

**I. To be Completed by School Secretary or Applicant:**

| Full Name and Home Address of Applicant | School Number or Name and School Address |
|---|---|
| Richard G. Grant | Public School 122 |
| 22 Noel Court, Blackberry Hill | 22 D. Jonas Blvd |
| Brewster  New York  ZIP 10509 | Astoria  New York  ZIP 10509 |
| File # 370047  Social Security # 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 | School District # 30 |
| License Assistant Principal | Years of Service 25 |

| ☒ - Regularly Appointed | ☐ - Regular Substitute | ☐ - Per Diem Substitute |
|---|---|---|

| Inclusive Dates | From May 4 2001 | To May 4 30 | Time Lost* Days 2 | Hours 0 | Minutes 0 | Illness Since September | Times 15 | Days 15 |
|---|---|---|---|---|---|---|---|---|

*Note: For per diem substitutes report only days during which applicant would otherwise have been employed in position held immediately prior to absence to be excused.

| Dates on which absence occurred. Write name of month. Check with an "X" those days on which absence occurred. | Month | 1 | 2 | 3 | 4 | 5 | 6 | 7 | 8 | 9 | 10 | 11 | 12 | 13 | 14 | 15 | 16 | 17 | 18 | 19 | 20 | 21 | 22 | 23 | 24 | 25 | 26 | 27 | 28 | 29 | 30 | 31 |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| | May | | | | X | | | | | | | | | | | | | | | | | | | | | | | | | | | |

NB Check applicable item and indicate all necessary data called for under each item checked:

☒ A - 02  DAYS EXCUSED WITH PAY FOR PERSONAL ILLNESS DEDUCTIBLE FROM C.A.R. OR SICK BANK**
**Note: Per diem substitute must surrender sick leave credit certificate dated prior to date of absence.
(C.A.R. and Self-Treatment data to be omitted below.)

| C.A.R. on Initial Day of Illness | | Self-Treated Days Used This Year or Term | |
|---|---|---|---|
| Less Sick Days Now Claimed | — | Plus Self-Treated Days Now Claimed | + |
| Balance of Days Left in C.A.R. | | Total Self-Treated Days Used | |
| (Minus Balance Shows Borrowed Days) | | Total "Self-Treated" for Personal Business | |

☐ B -  DAYS EXCUSED WITH PAY AND WITHOUT LOSS OF SICK LEAVE FOR CHILDREN'S DISEASES
Applies to rubeola, epidemic parotitis or varicella but not to rubella.

☐ C -  DAYS EXCUSED WITH PAY AND WITHOUT LOSS OF SICK LEAVE FOR ALLEGED LINE OF DUTY
ACCIDENT — Report of Injury and Assignment (OP 200) must be filed prior to this application.

☐ D -  DAYS EXCUSED WITHOUT PAY. Does not apply to per diem substitutes.

☐ E - OTHER:

**II. To be Completed by Applicant (Check Only as Applicable):**

- Self-Treated Days (if shown) are claimed for:
- Confidential Medical Report (OP 407) substituted for Section IV and mailed directly.
- I wish to borrow sick days to be repaid or constitute a debt to the Board of Education.
- I did _____ report for duty to any afternoon or evening activity of the Board of Education or
☒ - I did not _____ Community Board on any date for which excuse is requested.

Date May 4 2001          Signature of Applicant Richard G. Grant

**III. To be Completed by Principal (If Other Appropriate Supervisor, Show Title Below):**

☒ - Approved without medical evaluation          ☐ - Approved subject to medical evaluation

☐ - Disapproved for reason(s) indicated:

Date 5/4/01          Signature of Principal

**IV. To be Completed by Physician or Other Authorized Practitioner (OP 407 is to be substituted for absence exceeding 20 consecutive school days or when report is confidential):**

MEDICAL CERTIFICATION: As a duly licensed physician or other authorized practitioner, I certify that between the dates
_____ and _____ the person named above was incapacitated for school duties and that I

attended the individual on the following dates: 5/4/01 _____. The technical designation of illness was:

Calcified Coronary Plaque

commonly known as: Dr. Nilo Herrera

Physician's Address Rt 22 Colonial Square, Brewster N.y.  Telephone (845) 278-66_
10509

Typed or Printed Name

Date 5/4/01          Signature of Physician

(If other than M.D., professional title is: _____, M.D.

**V. To be Completed by Medical Division and Returned to School as Necessary:**

| Medical Recommendation Submitted as Noted Subject to All Administrative Requirements | Medically Approved | | Medically Disapproved | |
|---|---|---|---|---|
| | From | To | From | To |
| - Ordinary Illness (Item A or Item D) | | | | |
| - Enumerated Children's Disease (Item B) | | | | |
| - Alleged Line of Duty Accident (Item C) | | | | |
| - Other | | | | |
| - Individual not to return to duty without further recommendation of Medical Division. | | | | |

Additional Remarks:

Date _____          Signature of Medical Director

25-2600, 10.9 (400 PKGS) 5/83

Form OP 198   (2–71 – Replaces OP 199, OP 199A, OP 201 Item 1)

# GENERAL RULES AND INSTRUCTIONS

**Separate Application:** When Form OP198 is required, it must be submitted to principal for each non—consecutive absence in month.

**Medical Certification:** Must be completed by physician in Section IV for absence up to 20 consecutive school days *unless* physician desires to submit confidential report on Form OP 407. Confidential report (OP 407) must be submitted for absence exceeding 20 consecutive school days. Section IV may be omitted when Form OP 407 is submitted or for self-treated illness.

**Medical Division Approval:** The principal, or other appropriate supervisor, may grant sick leave with pay deductible from C.A.R. or sick credit of up to 20 consecutive school days of ordinary illness without Medical Division approval unless he requests such evaluation in doubtful cases or where lay judgment is insufficient. The Medical Division may initiate evaluation and make recommendations whenever medically indicated. Applications marked "Request for Medical Evaluation" must be submitted for absence exceeding 20 consecutive school days and, regardless of duration, for children's diseases and alleged line of duty accidents; also for absence exceeding 10 consecutive school days at the option of the principal. Applications marked "For Information of Medical Division" must be submitted for ordinary illness granted by the principal for ordinary illness of 11 to 20 consecutive school days.

**Copies:** For ordinary illness up to ten consecutive school days (exclusive of children's diseases and line of duty accidents), original (Copy 1) is retained in school and duplicate (Copy 2) is discarded. For all other cases **both** copies are forwarded to the Medical Division.

# SPECIAL RULES AND INSTRUCTIONS

**If you are a regularly appointed member of the instructional staff, you may apply for:**

1. (Item A) up to 10 self-treated days with pay in a school year (3 of which may be excused for personal business) within your C.A.R. balance. Application (OP 198) form need only be used when requested by principal for cases where sick leave cannot be entered and countersigned directly on school record. In Section 1, complete data for charge to C.A.R. and also for self-treated days and, in Section II, check self-treated days and give reason (e.g., "cold" or "personal business"). Not granted when other activities are engaged in on the same day.

2. (Item A) Up to your C.A.R. balance with pay. (C.A.R. may not exceed 200 at end of any school year.) When not self-treated, illness must be certified by physician in Section IV or by confidential medical report (see "Medical Certification" above). In Section I, complete data for charge to C.A.R. When C.A.R. is exhausted, you may borrow up to 20 additional days which show as a *minus* in your C.A.R. balance. Except for one day a school year, excuse with pay may not be granted for medical examination or laboratory test which could have been taken outside of school hours; if physician indicates in Section IV that examination or test required school hours, however, pay may be granted. Excuse with pay may be granted for conditions related to pregnancy.

3. (Item B) Excuse with pay and without charge to C.A.R. for rubeola (measles), epidemic parotitis (mumps) or varicella (chicken pox) but *not* rubella (German measles). Section IV or OP 407 required regardless of number of days.

4. (Item C) Excuse with pay and without charge to C.A.R. for alleged accident in line of duty. Pay may be granted only if "Report of Injury to Member of Professional Staff" (due within 24 hours) and Assignment (Form OP 200) have been filed. Section IV or OP 407 required regardless of number of days; even though absence is non-consecutive, only one medical certification or report is required to cover a reasonable period.

5. (Item D) Excuse without pay (with payment only for days when school is *not* in session) up to a reasonable number in connection with illness for which excuse with pay is prohibited (including days on which you reported for other paid activities) *or*, in cases of prolonged illness, up to one calendar month following exhaustion of C.A.R. (Should illness require longer absence, you must apply for and accept Leave of Absence Without Pay for Restoration of Health.) Section IV or OP 407 required regardless of number of days.

**If you are a regular substitute, you may apply as indicated but not to exceed the number of days remaining in the current school term of employment:**

6. (Item A) Excuse covered by Rule #1 *provided* you are employed for a full school year; if you are employed for one term, you may apply only for 5 self-treated days.

7. (Item A) Excuse covered by Rule #2 *except* that your C.A.R. may not exceed 120 days at the end of any school year and that you may not borrow additional sick days.

8. (Item B) Excuse covered by Rule #8.

9. (Item C) Excuse covered by Rule #4. but need not have served preceding five days.

10. (Item D) Excuse covered by Rule #5 *except* that extended excuse of up to one calendar month without pay is not granted.

**If you are a per diem substitute, you may apply as indicated provided that you were employed in the school during the five consecutive school days prior to illness and would have been so employed on the date for which excuse is requested:**

11. (Item A) Excuse covered by Rule #2 *provided* Per Diem Certificate of Sick Leave Credit dated prior to date of illness is surrendered to principal.

12. (Item B) Excuse covered by Rule #3.

13. (Item C) Excuse covered by Rule #4.

14. (Item D) Excuse of absence without pay is not granted per diem substitutes.

N.B. Item E is not to be used except as provided by separate regulation for special cases such as reversion from Terminal Leave to ordinary sick leave.