Docket No. 07 CV 5534

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

DR. RICHARD G. GRANT,

Plaintiff,

-against-

TEACHERS RETIREMENT SYSTEM OF THE CITY OF NEW YORK, NEW YORK CITY OFFICE OF THE ACTUARY,

Defendants.

# MEMORANDUM OF LAW IN SUPPORT OF DEFENDANTS' MOTION TO DISMISS THE COMPLAINT

*MICHAEL A. CARDOZO*
*Corporation Counsel of the City of New York*
*Attorney for Defendants*
*100 Church Street*
*New York, N.Y. 10007*

*Of Counsel: Karen J. Seemen (KS 6545)*
*Tel: (212) 788-1197*
*NYCLIS No. 2007-020919*

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------ x

DR. RICHARD G. GRANT,

                                                                                Plaintiff,

                -against-                                  07 CV 5534 (GEL)(RLE)

TEACHERS RETIREMENT SYSTEM OF THE CITY OF
NEW YORK, NEW YORK CITY OFFICE OF THE
ACTUARY,

                                                          Defendants.

------------------------------------------------------------------ x

**MEMORANDUM OF LAW IN SUPPORT OF DEFENDANTS TEACHERS RETIREMENT SYSTEM OF THE CITY OF NEW YORK AND THE NEW YORK CITY OFFICE OF THE ACTUARY'S MOTION TO DISMISS THE COMPLAINT**

**PRELIMINARY STATEMENT**

       Plaintiff, Richard G. Grant ("plaintiff") brings this action against the Teachers Retirement System ("TRS") and the New York City Office of the Actuary ("the Actuary") alleging that he was discriminated against based on his age. Specifically, plaintiff claims that TRS and the Actuary violated the Age Discrimination in Employment Act of 1967 ("ADEA"), 29 U.S.C. §§ 621-634, by failing to timely notify him that he should request to modify his retirement date prior to such date, by not permitting him to subsequently modify his retirement date, resulting in his lack of entitlement to the pension benefit enhancement under Chapter 126 of the New York Retirement and Social Security Law, for failing to comply with the Employment Retirement Income Security Act ("ERISA") to notify him of his potential

entitlement under Chapter 126 prior to retirement, and for failing to hire or "unretire" him.[1]  See Exhibit A.

As set forth more fully herein, defendants now move for complete dismissal of the complaint on the grounds that: (1) plaintiff's claims are time-barred for failure to file his EEOC charge within 300 days of the alleged discriminatory acts; and (2) plaintiff fails to state a claim for discrimination on the basis of age. For these reasons, defendant's Motion to Dismiss should be granted, and plaintiff's complaint should be dismissed in its entirety.

---

[1] Chapter 126 of the Laws of 2000 was approved by the New York State Senate and Assembly on July 11, 2000, amending §991(2) of the New York State Retirement and Social Security Law in pertinent part to read:

An eligible member who is a member of the New York city teachers' retirement system (i) with a date of membership prior to July twenty-seventh, nineteen hundred seventy-six and (ii) who was in active service on October first, two thousand and (A) continued in active service up to and including June thirtieth, two thousand one, shall receive one-twelfth of a year of additional retirement credit for each year of retirement credit for service rendered as of the date of retirement, vesting, transfer of death, if applicable, up to a maximum of one year of retirement credit or (B) continued active service up to and including June thirtieth, two thousand two, shall receive one-twelfth of a year of additional retirement credit for each year of retirement credit for service rendered as of the date of retirement, vesting, transfer or death, if applicable, up to a maximum of two years of retirement credit.  No eligible member shall receive more than two years of retirement credit pursuant to this section.  Such additional credit shall be available for all purposes, including fulfilling the qualifying service requirements of Plan A or C, if applicable.

2

## **STATEMENT OF FACTS**[2]

Plaintiff is a former employee of the New York City Department of Education ("Department of Education"), a non-party to this action, and a member of the Teachers Retirement System of the City of New York. Defendant TRS provides and administers the pension system for educators who work for the Department of Education of the City of New York, the City University of New York, or participating New York City Charter Schools. See N.Y.C. Admin. Code §§ 13-501 and 13-503. The New York City Office of the Actuary is responsible for providing all actuarial services to the various New York City pension funds, including TRS. See N.Y.C. Admin. Code §13-509.

On March 16, 2001, plaintiff filed a Tier 1 Service Retirement Application and listed an effective retirement date of August 31, 2001. See Exhibit B. TRS rejected the application as plaintiff submitted this application more than 90 days before the effective date of retirement. See Exhibit D. Consequently, plaintiff filed a new Tier 1 Service Retirement Application on May 23, 2001, and listed an effective retirement date of June 30, 2001. See Exhibit C. On November 5, 2001, TRS sent plaintiff a benefits letter detailing information about his retirement allowance. See Exhibit E. According to the benefits letter, TRS credited plaintiff

---

[2] Solely for the purposes of this motion, the factual allegations asserted in the complaint are deemed to be true. This Court may also consider all of the exhibits annexed to the July 20, 2007 Declaration of Karen J. Seemen, submitted in support of defendants' motion to dismiss the complaint, in reviewing the instant motion because these documents are relied upon and incorporated by reference in plaintiff's complaint. See Chambers v. Time Warner, Inc., 282 F.3d 147, 153 (2nd Cir. 2002) (court resolving motion to dismiss can consider: (1) documents that plaintiff attached to the pleadings; (2) documents to which plaintiff referred in the complaint; (3) matters of which judicial notice may be taken; (4) documents in plaintiff's possession; and (5) documents of which plaintiff had knowledge and upon which plaintiff relied in bringing the action); Lakonia Management Ltd. v. Meriwether, 106 F. Supp. 2d 540, 543 (S.D.N.Y. 2000)(the Court also properly may consider any document attached to the complaint as an exhibit or incorporated in it by reference, as well as matters of public record of which it can take judicial notice); Rodriguez v. The American Friends of The Hebrew University, 1998 U.S. Dist. LEXIS 3701 (S.D.N.Y. 1998).

with qualifying retirement service credit of 36 years 10 months and one day, utilizing a retirement date of June 30, 2001. Id. Additionally, TRS credited plaintiff with "0 yrs. 0 mths. 0 days" of service under Chapter 126. Id.

Shortly thereafter, plaintiff sent an inquiry to Donald Miller, TRS Executive Director, regarding his retirement allowance and credit for service rendered. See Exhibit F. On December 13, 2001, JoAnne Lennon of the TRS Correspondence Unit, sent a letter to plaintiff in response to his inquiry. Id. This letter states in pertinent part:

> The legislation to which you refer as a "Tier 1 incentive," is Chapter 126 (see brochure enclosed), which grants 12 months additional service credit to members who were in service (or on approved leave) through June 30, 2001, and whose retirement date is July 1, 2001 or later. This legislation also provides 24 months service credit for members who remain in service through June 30, 2002, and whose retirement date is July 1, 2002 or later. You were ineligible for Chapter 126, because your retirement date was June 30, 2001, one day short of the qualifying date. Id.

On October 23, 2003, Priscilla Daqui of the TRS Correspondence Unit, sent a letter to plaintiff in response to a further inquiry requesting that his retirement date be modified. See Exhibit G. This letter states in pertinent part:

> According to our records you elected *June 30, 2001* as your retirement date on your *"Tier 1 Service Retirement Application"* dated *May 23, 2001*. Please note that you had up to one day prior to your retirement date to make changes regarding your retirement application. Therefore, you are not permitted to change your retirement date to *July 31, 2001*. Id.

On October 2, 2006, plaintiff filed a charge of age discrimination with the EEOC alleging that TRS was obligated and failed to notify him of the Chapter 126 entitlement provisions prior to retirement, that TRS was obligated and failed to notify him that he should modify his retirement application to qualify for the Chapter 126 pension benefit enhancement, and that TRS subsequently denied his request to modify his retirement date once plaintiff retired.

4

See Exhibit A at 28-29. Plaintiff concluded that TRS's failure to do these things were the result of age discrimination in violation of the ADEA[3]. Id. Plaintiff further alleged that such discrimination took place between November 5, 2001 and September 26, 2006. Id.

At plaintiff's request, the EEOC issued a Notice of Right to Sue letter on May 1, 2007. See Exhibit A at 13. Plaintiff then filed this action within 90 days of receipt of the Notice of Right to Sue Letter.

## ARGUMENT

### POINT I

#### PLAINTIFF'S CLAIMS ARE TIME-BARRED AS PLAINTIFF FAILED TO TIMELY FILE HIS EEOC CHARGE WITHIN 300 DAYS OF THE ALLEGED DISCRIMINATORY ACTS

Plaintiff's claims against defendants are time-barred because he failed to timely file with the EEOC. Title VII, the ADA and the ADEA mandate that before a civil lawsuit can be brought, an administrative charge must be filed with the EEOC or a local equivalent agency within 300 days of the alleged discriminatory acts. See 42 U.S.C. § 2000e-5(e) (Title VII); 42 U.S.C. § 12117(ADA); 29 U.S.C. 626(d) (ADEA); see also Tewksbury v. Ottaway Newspapers, 192 F.3d 322 (2d Cir. 1999)(administrative charge must be filed within 300 days of the alleged discriminatory act); Griffith v. Gallagher, 2002 U.S. App. LEXIS 10248 (2d Cir. 2002); Flaherty v. Metromail Corp., 235 F.3d 133, 136 n.1 (2d Cir. 2000); Butts v. City of New York Dep't of Hous. Pres. & Dev., 990 F.2d 1397, 1401 (2d Cir. 1993).

---

[3] Although the Actuary was not a named party in the charge of age discrimination with the EEOC, Defendants do not oppose the Actuary's inclusion in this civil action as the Actuary had constructive notice of the EEOC proceeding and shares a commonality of interest with TRS, the named party in the proceeding.

5

This filing requirement functions as a statute of limitations in that discriminatory incidents not timely charged before the EEOC will be time-barred. See Van Zant v. KLM Royal Dutch Airlines, 80 F.3d 708, 712 (2d Cir. 1996); Alston v. N.Y. City Transit Auth., 2003 U.S. Dist. LEXIS 21741 (S.D.N.Y. 2003). An employment discrimination claim "accrues for statute of limitations purposes on the date the employee learns of the employer's discriminatory conduct." Flaherty v. Metromail Corp., 235 F.3d 133, 137 (2d Cir. 2000). In discriminatory discharge cases, the alleged illegal act is frequently the decision to terminate the employee. Id. As such, "the limitations period begins to run on the date that the employer gives definite notice of that decision to the employee." Id.

Here, the 300 day statute of limitations began to run on December 13, 2001 when JoAnne Lennon of the TRS Correspondence Unit informed plaintiff of the requirements for eligibility under Chapter 126, attaching a Chapter 126 informational brochure, and that he was now ineligible for the Chapter 126 service benefit as he had already retired. See Exhibit F. Thus, plaintiff had to file his EEOC charge no later than 300 days from December 13, 2001. However, plaintiff did not file his charge of discrimination with the EEOC until October 2, 2006, almost five years later.[4] See Exhibit A at 28-29. The Supreme Court has reiterated that "strict adherence" to the statute of limitations is mandated. See National Railroad Passenger Corp. v. Morgan, 536 U.S. at 101, 108 (2002), *quoting* Mohasco Corp. v. Silver, 447 U.S. 807, 826 (1980); See also Ledbetter v. Goodyear Tire, 127 S.Ct. 2162 (2007). In strict adherence with this mandate, plaintiff's complaint should be dismissed as time-barred.

---

[4] Even if it could be argued that the alleged discrimination occurred or completed on October 27, 2003, the date of the letter from Priscilla Daqui of the TRS Correspondence Unit to plaintiff denying him permission to modify his retirement date, plaintiff would still be time-barred. See Exhibit G.

6

Furthermore, plaintiff's ongoing appeal to TRS and the Actuary requesting modification of the date of retirement and Chapter 126 benefits, does not toll the statute of limitations for the purpose of filing an EEOC charge of discrimination. The statute of limitations is subject to equitable tolling, but in very limited circumstances. See Electrical Workers v. Robbins & Myers, 429 U.S. 229 (1976). Such circumstances include situations where a defendant actively misled the plaintiff respecting the cause of action, where the plaintiff was prevented from asserting his or her rights, or where plaintiff has raised the precise statutory claim in the wrong forum. See Smith v. American President Lines, 571 F.2d. 102 (2d Cir. 1978); see also Shih v. City of New York, 2006 U.S. Dist. LEXIS 70483 (S.D.N.Y 2006). Here, plaintiff cannot, and does not, assert that his continuing correspondence with TRS and the Actuary to advocate for the modification of his date of retirement prevented him from exercising his rights to timely file a charge of discrimination with the EEOC. Therefore, the statute of limitations is not subject to equitable tolling, and the complaint should be time-barred.

## POINT II

### PLAINTIFF FAILS TO STATE A CLAIM FOR DISCRIMINATION ON THE BASIS OF AGE

Plaintiff fails to state a claim that the events that led to his failure to obtain permission to modify his retirement date after his retirement commenced, and his subsequent inability to receive the Chapter 126 service enhancement, was in any way a result of age discrimination. See Exhibit A.

Although plaintiff was not permitted to modify his retirement date after his retirement commenced to conform to the provisions of Chapter 126, defendants' refusal to do so was not based on plaintiff's age. In fact, membership in a New York State or civil division,

7

which includes a city pension system, is considered a contractual relationship under the New York State Constitution. N.Y. CLS. Const. Art. V, § 7 (2007). As such, a member is automatically retired on the date he or she specifies on the application for retirement, and such retirement date cannot be modified by either the member or pension system on or after the date of retirement. See Greene v. TRS, 107 Misc. 2d. 508 (N.Y. Sup. Ct. 1980); N.Y.C. Admin. Code §§ 13-545 and 13-547.

Clearly, defendants' refusal to allow the modification of the retirement date once plaintiff retired is not a violation of the ADEA where such practice is not based on the retiree's age, but on the retiree's years of service. In Hazen Paper Company v. Biggins, 507 U.S. 604 (1993), the Supreme Court held that an employer does not violate the ADEA when the decision to interfere with pension benefits was based on years of service in the plan, and not the age of the employee, even if the motivating factor is correlated with age. Id. at 611.

Plaintiff's further assertion that defendants' alleged failure to notify him of the Chapter 126 service enhancement prior to retirement is a violation of ERISA, somehow implicating the ADEA, is entirely without merit. Governmental plans, such as TRS, which provide pension benefits to government or municipal employees, are exempt from compliance with ERISA. See Employee Retirement Income Security Act of 1974, 29 U.S.C. §§1002(32) and 1003(b)(1); see also Rose v. Long Island Railroad Pension Plan, 828 F.2d. 910 (2nd. Cir. 1987). Even if this Court determines that ERISA applies to the defendants, plaintiff fails to state a claim as to how a failure to comply with ERISA would result in a violation of the ADEA, especially considering the holding in Hazen Paper Company v. Biggins. 507 U.S. 604 (1993).

Additionally, plaintiff asserts that defendants discriminated against him based on his age because they refused to hire or "unretire" him. See Exhibit A at 8 and 10. This assertion

fails to state a claim on its face as TRS and the Actuary are not employers responsible for hiring or firing of teachers or other members eligible for TRS pension benefits. The defendants do not have the authority to hire employees on behalf of the Department of Education, and therefore cannot be held liable for hiring decisions not within their purview[5].

## CONCLUSION

For all the foregoing reason, defendants TRS and the Actuary respectfully request that this Court dismiss the complaint in its entirety together with such other and further relief the Court deems just and proper.

Dated:  New York, New York
        July 20, 2007

                              MICHAEL A. CARDOZO
                              Corporation Counsel of the
                                City of New York
                              Attorney for Defendants
                              100 Church Street, Room 5-143
                              New York, New York 10007
                              (212) 788-1197

                        By:   _/s/ Karen J. Seemen_
                              Karen J. Seemen (KS6545)
                              Assistant Corporation Counsel

---

[5] It should be noted that plaintiff failed to allege any facts in the Complaint and did not annex any exhibits to show that he applied for employment with the Department of Education, or that the Department of Education refused to rehire him at any time on or after his retirement date.

9